IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNTRUST BANK, INC.<br>303 Peachtree Street, N.E.<br>Atlanta, Georgia 30308<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD W. TYNES<br>1940 Upshur Street, N.W.<br>Washington, D.C. 20018<br><br>and<br><br>GAIL F. TYNES<br>1940 Upshur Street, N.W.<br>Washington, D.C. 20018<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, SunTrust Bank, Inc., successor in interest to Crestar Bank, N.A. ("SunTrust"), by its undersigned attorneys, sues Defendants, Richard W. Tynes ("Mr. Tynes") and Gail F. Tynes ("Mrs. Tynes") (collectively, the "Defendants"). In support hereof, SunTrust states:

## PARTIES

1. SunTrust is a banking corporation organized under the laws of the State of Georgia. SunTrust's principal place of business is in Atlanta, Georgia.

2. Mr. Tynes is an adult individual residing at 1940 Upshur Street, N.W., Washington, D.C. 20018.

3.   Mrs. Tynes is an adult individual residing at 1940 Upshur Street, N.W., Washington, D.C. 20018.

## JURISDICTION AND VENUE

4.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), there being complete diversity of citizenship of the parties and in excess of $75,000 in controversy, exclusive of interest and costs.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to this claim occurred in this district and the Defendants reside in this district.

## GENERAL ALLEGATIONS

6.   Eagle Maintenance & Janitorial Services, Inc., PBD, Inc. and Eagle Management Environmental Systems, Inc. (collectively, the "Borrowers") are indebted to SunTrust pursuant to the terms of an Amended and Restated Term Note in the original principal amount of $2,400,000 dated October 28, 1996, as subsequently amended (the "Real Estate Note"), an Amended and Restated Equipment Note in the original principal amount of $1,500,000 dated October 28, 1996, as subsequently amended ("Equipment Note"), and an Amended and Restated Line Note in the original principal amount of $1,500,00 dated October 28, 1996, as subsequently amended ("Line Note") (collectively, the Real Estate Note, Equipment Note and Line Note shall be referred to as the "Notes"). SunTrust is the current holder of the Notes. True and correct copies of the Notes are attached as Exhibit 1.

7.   Pursuant to the terms of a Guaranty dated October 1, 1994 (the "Guaranty"), the Defendants guaranteed full and prompt payment to SunTrust of all obligations of the Borrowers

under the Notes and any other loan documents. A true and correct copy of the Guaranty is attached as <u>Exhibit 2</u>. SunTrust is the current holder of the Guaranty.

8. The Borrowers have defaulted on their obligations under the Notes by, *inter alia*, failing to pay SunTrust amounts owed under the Notes. The outstanding amounts owed under the Notes have been accelerated and are now due and payable in full.

9. The Defendants have defaulted on their obligations under the Guaranty by, *inter alia*, failing to pay SunTrust amounts owed under the Guaranty. The outstanding amount owed under the Guaranty has been accelerated and is now due and payable in full.

10. Pursuant to the terms of the Guaranty, the Defendants are obligated to pay the attorneys' fees and expenses incurred by SunTrust in enforcing its rights.

11. As of May 2, 2006, the balance due and owing under the Guaranty was $2,120,233.76, plus attorneys' fees and expenses. In addition, interest continues to accrue from May 2, 2006.

12. SunTrust has made demand for payment of the balance due under the Guaranty.

13. Despite demand, the Defendants have failed and/or refused to pay the balance due under the Guaranty.

## COUNT 1 – BREACH OF GUARANTY

14. Paragraphs 1 through 13 are incorporated by reference into this Count as if fully set forth herein.

15. The Defendants have defaulted on their obligations to SunTrust under the Guaranty.

16. SunTrust has performed all conditions and covenants, if any, required under the Guaranty.

17. As of May 2, 2006, the balance due and owing under the Guaranty was $2,120,233.76, plus attorneys' fees and expenses, with interest continuing to accrue.

WHEREFORE, SunTrust requests that this Court:

(a) Enter judgment in favor of SunTrust and against the Defendants, jointly and severally, in the amount of $2,120,233.76, together with pre-judgment interest, attorneys' fees and costs of suit; and

(b) Grant such other and further relief as is just and appropriate under the circumstances.

Date: May 22, 2006

Respectfully submitted,

_____
Alan Noskow (D.C. Bar # 473020)
DLA PIPER RUDNICK GRAY CARY US LLP
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
(703) 773-4152   Telephone
(202) 689-5034   Facsimile

Richard M. Kremen (D.C. Bar # 195073)
DLA PIPER RUDNICK GRAY CARY US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209
(410) 580-3000   Telephone
(410) 580-3001   Facsimile

Attorneys for SunTrust Bank

*Of Counsel*

Dale K. Cathell
DLA PIPER RUDNICK GRAY CARY US LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209

4238303